IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RE'NAUL M. JOHNSON, | ) |
| a.k.a., ARIEL A. ADLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:04-CV-413-WKW |
| | ) [WO] |
| | ) |
| LAMAR GLOVER, et al., | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas

corpus relief filed by Re'Naul M. Johnson ["Johnson"] on April 29, 2004.  In this petition,

Johnson challenges the amount of pre-trial bail set by the state courts of Houston County,

Alabama on a 2003 second degree assault charge.  Johnson requests that this court set an

amount of bail consistent with Alabama law and the Constitution.  However, Johnson is no

longer confined pursuant to the bail amount made the basis of this federal habeas action.[1]

## DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244,

246 (1971).  An actual controversy must exist at all times during the pendency of the  case.

*Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  Events which occur subsequent to the

filing of a petition may render the matter moot.  *National Black Police Assoc. v. District of*

---

[1]. The records in this case and other cases filed by Johnson indicate that he is currently incarcerated
in the state prison system at the Fountain Correctional Facility on various felony convictions.

*Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977). "'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised *sua sponte* . . .' *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980) (internal footnote and citation omitted)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003), *cert. denied* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004).     A claim becomes moot when the controversy between the parties is no longer live or the party seeking relief lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481-482, 102 S.Ct. 1181, 1183 (1982); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not impact the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In the instant petition, Johnson seeks a reduction in the pre-trial bail amount set on a second degree assault charge so that he might be released pending the outcome of criminal charges lodged against him by Houston County. It is clear that Johnson's claim regarding

2

pretrial bail became moot upon either his conviction of the underlying offense and/or his transfer to state custody for service of sentences imposed for various felony convictions. *Murphy*, 455 U.S. at 481. "The question [is] no longer live because even a favorable decision on it would not . . . entitle[] [Johnson] to [a reduction in] bail. *Id*. at 481-482.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas relief filed by Re'Naul M. Johnson be dismissed as moot. It is further

ORDERED that on or before April 10, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

3

down prior to the close of business on September 30, 1981.

Done this  27th day of March, 2006.




/s/ Delores R. Boyd
UNITED STATES MAGISTRATE JUDGE